UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT E. SCHOMBS III, | Case No.:  25-CV-3761 JLS (JLB) |
| Plaintiffs, | |
| v. | **ORDER (1) GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND (2) DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION** |
| SELVI STANISLAUS, Executive Officer, California Franchise Tax Board, In Her Official Capacity, et al., | |
| Defendants. | (ECF Nos. 5, 6, 13,14) |

Presently before the Court are Plaintiff Albert E. Schombs III's ("Plaintiff") Motion for Preliminary Injunction ("PI Mot.," ECF No. 5), Defendants Selvi Stanislaus's, Myriam Bouaziz's, and Shawna Ventolieri's (collectively, "Defendants") Opposition thereto ("PI Opp'n," ECF No. 15), and Plaintiff's Reply in support thereof ("PI Reply," ECF No. 18). Also before the Court is Defendants' Motion to Dismiss ("MTD," ECF No. 14), Plaintiff's Opposition thereto ("MTD Opp'n," ECF No. 19), and Defendants' Reply in support thereof ("MTD Reply," ECF No. 21).  Having considered Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' Motions, and the law, the Court **GRANTS** Defendants' Motion to

25-CV-3761 JLS (JLB)

Dismiss **WITHOUT LEAVE TO AMEND** and **DENIES AS MOOT** Plaintiff's Motion for Preliminary Injunction.[1]

## BACKGROUND

Plaintiff did not pay income taxes to the State of California in tax years 2018, 2019, or 2020. MTD at 3. According to Plaintiff, his federal tax returns in 2018, 2019, and 2020 reflected a taxable income of $0 because the federal reserve notes he redeemed are "obligations of the United States" exempt from state taxation. Compl. ¶¶ 13, 14, 16. Yet, on December 10, 2021, the Franchise Tax Board ("FTB") issued income tax assessments for these years and "falsely attributed W-2 income for 2019 to an entity with which Plaintiff had no affiliation." *Id.* ¶ 17. On April 24, 2024, FTB issued an Earnings Withholding Order ("EWO"), "result[ing] in wage garnishments totaling approximately $34,818.67 . . . ." *Id.* ¶ 18. Plaintiff thereafter filed an appeal to the Office of Tax Appeals ("OTA"), which was denied as frivolous. *Id.* ¶ 20. Plaintiff filed the instant Complaint on December 24, 2025, alleging claims for injunctive and declaratory relief, monetary damages, and violations of 42 U.S.C. § 1983, generally arguing that Defendants unlawfully assessed taxes on his redeemed federal reserve notes. *See generally* Compl.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has

---

[1] The Court further **DENIES AS MOOT** Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Preliminary Injunction (ECF No. 6) and **DENIES AS MOOT** Plaintiff's Motion for Leave to File Supplemental Pleading (ECF No. 13).

25-CV-3761 JLS (JLB)

acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original). If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

Defendants seek to dismiss Plaintiff's Complaint on the grounds that the Tax Injunction Act ("TIA") bars Plaintiff's claims for injunctive relief, the statute of limitations has expired for Plaintiff's claims, and Plaintiff's claims are "legally unsupported and factually deficient." MTD at 2.

/ / /

/ / /

/ / /

25-CV-3761 JLS (JLB)

## I.    Tax Injunction Act

Defendants first argue that the TIA bars Plaintiff's claims against Defendants Stanislaus and Bouaziz in their official capacity, and that the Supreme Court and the Ninth Circuit have made clear that the TIA applies to claims over the State of California's taxation.  MTD at 4–5.  Plaintiff responds that he seeks "narrowly tailored prospective relief against ongoing enforcement conduct" that is not precluded by the TIA.  MTD Opp'n at 2.

Defendants argue correctly that the TIA precludes Plaintiff's request for injunctive relief against Stanislaus and Bouaziz in their official capacity.  The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Here, the plain language of the TIA precludes Plaintiff's claims.  *See id.*  Plaintiff seeks injunctive relief "prohibiting further assessment or collection of state tax on redeemed federal reserve notes."  Compl. ¶ 28.  Rather than seek relief in state court, Plaintiff has filed an action with this Court, which is contrary to the TIA.  *See Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 338 (1990); *California v. Grace Brethren Church*, 457 U.S. 393, 415–17 (1982).  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's claims for injunctive and declaratory relief against Defendants Stanislaus and Bouaziz in their official capacity.

## II.    Federal Reserve Notes

Plaintiff argues that his federal reserve notes are exempt from taxation pursuant to 12 U.S.C. § 411 and 31 U.S.C. § 3124(a), and thus, Defendants unlawfully "attempt[ed] to incorporate such federal obligations into a state tax computation . . . ."  Compl. ¶ 14. Defendants argue that every court to "consider[] this argument has rejected it."  MTD at 6 (citing cases).  Plaintiff responds that the cases Defendants rely on "are not binding and distinguishable from the narrower theory Plaintiff advances"—that "Defendants may not compute and enforce tax liability in a way that required federal obligations to be considered in computing a tax . . . ."  MTD Opp'n at 5.

25-CV-3761 JLS (JLB)

The Court agrees with Defendants.  12 U.S.C. § 411 provides that federal reserve notes "shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues." 31 U.S.C. § 3124(a) provides that "[s]tocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State."  Based on the language of these two provisions, Plaintiff argues that state taxation of federal reserve notes is "expressly prohibit[ed]."  Compl. ¶ 14.  However, "obligations of the United States" refers to "interest bearing instruments such as United States bonds"—not federal reserve notes.  *Provenza v. Comptroller of Treasury*, 497 A.2d 831, 834 (1985); *see also In re Yuska*, No. AP 15-9005, 2017 WL 571486, at *7 (Bankr. N.D. Iowa Feb. 13, 2017); *Galbreath v. Dep't of Revenue*, No. TC-MD 060735E, 2007 WL 2229218, at *5 (Or. T.C. July 24, 2007); *Smith v. Davis*, 323 U.S. 111, 116–17 (1944).  Plaintiff points to no persuasive authority suggesting otherwise.  *See generally* Compl.; MTD Opp'n. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to claims One, Two, and Three insofar as they rely on 12 U.S.C. § 411 and 31 U.S.C. § 3124(a).

**III.   Statute of Limitations**

Finally, Defendants argue that the statute of limitations has expired as to Plaintiff's § 1983 claim against Defendant Ventolieri in her individual capacity.  MTD at 7–8.  FTB issued a Notice of Assessment for tax year 2019 on December 10, 2021, which Plaintiff acknowledges receiving, yet Plaintiff did not file the Complaint until December 24, 2025, well after the two-year statute of limitations expired.  *Id.*  Defendant further argues that FTB's later "garnishing and levying activities" do not reset the statute of limitations, as they were "inevitable consequences of determining that Plaintiff owed FTB additional tax, interest, and penalties for income not previously reported."  *Id.* at 8.  Plaintiff responds that the April 24, 2024, EWO started the two-year statute of limitations period and that "continuing wage garnishment and ongoing deprivation of property" amount to "renewed injury" supporting his claims.  MTD Opp'n at 7.

/ / /

25-CV-3761 JLS (JLB)

The Court agrees with Defendants that the statute of limitations clock began to run when Plaintiff received the Notice of Assessment on December 10, 2021. The statute of limitations for § 1983 claims in California is two years. *Abet Sec. Servs., Inc. v. City of Los Angeles*, No. 22-CV-07713-SB-KS, 2023 WL 4155389, at *2 (C.D. Cal. May 12, 2023). Claims under § 1983 accrue "when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999). Here, Plaintiff knew, or should have known, that Defendants assessed taxes on his income when he received the 2021 Notice of Assessment. As the alleged unlawful taxation of Plaintiff's income forms the basis of his claim, the statute of limitations began to run after he received the Notice of Assessment. Plaintiff's arguments otherwise are unsupported by the facts set forth in the Complaint. Therefore, Plaintiff's § 1983 claim is barred by the statute of limitations, as more than two years have passed between the 2021 Notice of Assessment and the date on which Plaintiff filed the Complaint. Accordingly, dismissal is further warranted on statute of limitations grounds. The Court **GRANTS** Defendants' Motion to Dismiss as to claim Three.

**IV.    Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). While the rule should be interpreted liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to grant leave to amend, trial courts should consider various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying the *Foman* factors, the Court declines to grant Plaintiff leave to amend: Plaintiff's claims for injunctive and declaratory relief are barred by the TIA; the statute of limitations bars Plaintiff's claim under § 1983; and Plaintiff's argument that federal reserve notes are exempt from state taxation is meritless. Therefore, the Court finds that "it is clear that granting leave to amend would [be] futile." *Thinket Ink Info. Res., Inc. v. Sun*

25-CV-3761 JLS (JLB)

*Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 14) **WITHOUT LEAVE TO AMEND** and **DENIES AS MOOT** Plaintiff's Motion for Preliminary Injunction (ECF No. 5).  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3761 JLS (JLB)